UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2003 OCT 20 P 1: 26

US DISTRICT COURT
HARTFORD CT

MICHAEL G. MORGAN

        Plaintiff

    v

FEDERAL DEPOSIT INSURANCE
CORPORATION

        Defendant.

Civil Action: 3:02cv905(AVC)

October 17, 2003

PLAINTIFF'S MOTION FOR IN CAMERA REVIEW, NEW VAUGHN INDEX
AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

This is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. sec. 552, as amended, to compel the production of records relevant to Plaintiff's criminal prosecution (Case No. 3:93cr212(PCD)).

Plaintiff has a statutory right to the records he seeks and there is no legal basis for the refusal by the Federal Deposit Insurance Corporation ("FDIC") to disclose them. The FDIC's continued refusal violates Plaintiff's constitutional right to due process.

IN CAMERA REVIEW. In its March 28, 2003 Order, the Court advised the Plaintiff that he might move for in camera review and inspection of any document withheld by the Defendant in connection with the Vaughn Index which was ordered to be produced at that time.

On June 30, 2003, the FDIC submitted a Vaughn Index as directed by the Court. In a

July 17, 2003 pretrial settlement conference held before Presiding Judicial Officer J. Read Murphy, Plaintiff narrowed his request to documents 11 and 35 on Defendant's Vaughn Index. Defendant has refused to produce either document to the Plaintiff but did submit them to the Court on September 30, 2003.

In withholding these documents from the Plaintiff, the FDIC is improperly claiming exemptions under 5 U.S.C., sec. 552 b 7(c) and b 7(d). Exemption b 7(c) is for an unwarranted invasion of privacy. While Plaintiff is unaware of the subject matter in these documents, this does not appear to be a viable claim. Exemption b 7(d) provides for withholding documents for law enforcement purposes. In this case, that no longer applies because the statute of limitations has run for each and every criminal act associated with Charter Federal Savings and Loan Association and all defendants prosecuted. Furthermore, there are no current investigations, grand jury proceedings, or any other ongoing law enforcement activities to which these documents are relevant.

While Plaintiff does not know the subject matter of documents 11 and 35, Plaintiff has been able to obtain many documents outside of this action. Accordingly, if document 35 is the William F. Malloy criminal referral by the Resolution Trust Corporation, the Plaintiff wishes to advise the Court that he already has that document in his possession.

If not, then Plaintiff requests permission to review document 35 as well as document 11.

REVISED VAUGHN INDEX. At the July 17, 2003 pretrial conference and before, Plaintiff advised Defendant that the Vaughn Index did not appear to contain all the information which had been requested - namely, all records for the period 1996 - 2000 between the FDIC and Defendant Office of the United States Attorney for the District of Connecticut ("USAO") concerning Plaintiff.

For example, outside of this action, Plaintiff has obtained a number of documents for this time period – which have neither been produced to Plaintiff nor included in the Vaughn Index. These records indicate the following:

1. On January 19, 1997, Plaintiff made a restitution payment of $2,316 to the Office of Thrift Supervision ("OTS") pursuant to Consent Order AP 93-7. (Exhibit A)

2. On March 13, 1997, Gina March of the OTS transposed the amount and sent an OTS check for $2,613 to the FDIC. (Exhibit B)

3. The FDIC Washington office subsequently transferred this payment to the FDIC's cash management division in Dallas.

4. On September 28, 2000, the FDIC in Dallas cut a check for $2,613, made payable to the U.S. District Court, and mailed it to the USAO. (Exhibit C)

5. On October 4, 2000, the USAO sent the payment to the U.S. District Court, where it was applied to Plaintiff's criminal fine. (Exhibit D)

Plaintiff has not been able to develop any additional information about this transfer. It is inconceivable that a transfer of funds between two government agencies would not be well documented. It would seem highly likely, for example, that someone from the USAO must have contacted someone at the FDIC to effectuate this transfer. However, Plaintiff has not been able to locate any other relevant correspondence outside of his FOIA request and the Defendant has not only failed to produce anything at all to the Plaintiff regarding this matter but has not even included it in the previously submitted Vaughn Index.

For the Plaintiff, this particular information is critically important because it contradicts the Government's long standing representation to the Courts that the civil and criminal proceedings against Plaintiff were separate, parallel matters. Obviously, that cannot be true if the

Government took Plaintiff's civil restitution and applied it to his criminal fine.

Accordingly, the Plaintiff respectfully requests that this Court order the FDIC to reevaluate Plaintiff's FOIA request and either produce the relevant information requested or provide a revised Vaughn Index which includes all correspondence, memoranda, notes of conversations, copies of emails, etc. regarding the above described transfer of funds.

DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT. In order for the Government to prevail on a motion for summary judgement in an FOIA case, it must demonstrate not only that there are no material facts in dispute and that it is entitled to judgement as a matter of law, See Fed. R Civ. P. 5b; Anderson v Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v ABCO Engineering Corp., 221 F. 3d 293, 300 (2d Cir. 2000), but also that its search for documents was adequate and any documents withheld fell within the exemption of the applicable FOIA sections. See Tarullo v U.S. Department of Defense, 170 F. Supp. 2d 271, 274 (D. Conn. 2001).

The FDIC does not meet that test in its motion for summary judgement. The FDIC's search for documents was inadequate because it failed to produce or list in the Vaughn Index any of the 1996 - 2000 requested records, the agency affidavit used to support the motion is contradicted by the information included in Plaintiff's Exhibits, the FDIC improperly claimed exemptions for documents 11 and 35 and as a result of all of the above, there are material facts is dispute.

Consequently, the Plaintiff respectfully requests that the Court deny the Defendant's motion for summary judgement.

CONCLUSION. For the foregoing reasons, the Plaintiff asks the Court to:

1. Permit Plaintiff to inspect documents 11 and 35 in Defendant's Vaughn Index

dated June 30, 2003.

      2. Order Defendant to reevaluate Plaintiff's FOIA request with regard to contacts between the FDIC and the USAO during the period 1996- 2000 regarding Plaintiff and following that review to either provide the requested information or submit a second Vaughn Index.

      3. Deny Defendant's motion for summary judgement.


Respectfully Submitted,


*[signature]*

Michael G. Morgan, Pro Se
415 South Chesterfield Street
Aiken, South Carolina 29801
(803) 641-8823

CERTIFICATE

      This will certify that a copy of the foregoing was mailed, postage prepaid, on this 17th day of October, 2003 to the following:

Barbara Katron
Counsel
Federal Deposit Insurance Corporation
550 17th Street, NW
Washington, D.C. 20429

Dirk S. Roberts
Special Counsel
Office of Thrift Supervision
1700 G Street, NW
Washington, D.C. 20552

Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, Connecticut 06510

_____
Michael G. Morgan, Pro Se

EXHIBIT A

MICHAEL G. MORGAN
14 MARVIN ST
CLINTON, NY 13323

714

Jan 19 19 97

PAY TO THE ORDER OF: Office of Thrift Supervision    $ 2316 —

two thousand three hundred sixteen and 00/100 DOLLARS

**FIRST SOURCE**
FEDERAL CREDIT UNION

FOR _____    [signature]

⑆221380790⑆ 119800002366950714⑈

**Office of Thrift Supervision**
Department of the Treasury
1700 G Street, N.W., Washington, DC 20552 • (202) 906-6000

EXHIBIT B

# ACKNOWLEDGMENT OF RECEIPT

March 13, 1997

Ms. Vanessa Hester
Federal Deposit Insurance Corporation
Cash Management
801 17th Street, N.W. Room 231
Washington, DC 20343

Dear Ms. Hester:

The Office of Thrift Supervision received a check from Michael G. Morgan, former President and Chairman of the Board of Directors of Charter FS&LA, representing restitution owed. Thus, enclosed is a check for the funds which we are forwarding to FDIC/RTC as successor to Charter FS&LA. Also enclosed are one copy of the letter for your signature as acknowledgment of receipt and a self-addressed envelope.

If you have any questions or concerns, please contact me at (202) 906-7247.

Sincerely,

*Gina R. March*

Gina R. March
Finance Division

Enclosures (3)

_____
Received above referenced check
for $2,613.00

Date and Time Printed: 09/26/2000 9:26:42AM

EXHIBIT C

| | |
|---|---|
| Multiple Assets? (Y/N): Y | Site Code: 450 |
| Number of Assets: 2 | Control Number: 4500003122 |

## SERVICING REQUEST

A/O Name: Williamson, John Ao-43354
Customer Name: Michael G. Morgan
Payment Amount: 2,613.00
CIP Serial Number: 57978
A/O Number: 43354
NPS Number: 9999-99999999-9
Payment Effective Date: 08/29/2000

Is payment to be reapplied to asset? (Y/N): N    If yes, complete "Process Payment"

**Process Payment:**

Multiple Payments? (Y/N): N
Number of Payments: ___

Is payment Allocated (A) or Auto Spread (S)? ___    If A, complete "Allocated", if S, complete "Auto Spread"
Allocated

NPS Number: ___    Amount: ___    Effective Date: ___
Payment Instructions: ___

**Auto Spread**

NPS number: ___    Amount: ___    Effective Date: ___

Remain in cash under A/O name? (Y/N): N
Is Check Request to be disbursed? (Y/N): Y
Credit Trustee for Owner? (Y/N): N
(If yes, provide TFO Midcode in Site Comments.)

**Check Request:**

Payee: U.S. District Court
Address 1: Clerk of Court
Address 2: 141 Church Street
City: New Haven    State: CT    Zip: 06510
Payee SSN/TIN: 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
NPS Number: ___

Are funds to be credited to GL account? (Y/N): N

**General Ledger Account:**

GL Account Number: ___    NPS Number: ___
Reason for Miscellaneous Income (374101): ___

**Site Comments:**

Payment was credited to 373205, ref. je#3922 (9000057978) per STS request 4500002902. Money should be sent to Clerk of Court, was sent to FDIC in error. Money was a fine Michael G. Morgan paid to the U.S. Attorneys office and they sent us the money by mistake. Thanks

Requested By: Stewart, Sherri    Validated: 09/20/2000
Approved By: Smith, Bill    Approved: 09/21/2000

**FPB USE ONLY:**
Technician Code: PJP    Assigned: 09/21/2000    Completed: 09/26/2000
FPB Comments: ___    Rejected: ___

**FEDERAL DEPOSIT INSURANCE CORPORATION**
National Processing Center PO Box 130476     Dallas, TX    75313

09-24720

Bank One - 0710
Chicago, IL
Payable Through First USA Bank, NA

62-28/311

EXHIBIT C

SEPTEMBER 28, 2000
CHECK NO. 003004192

PAY *******2,613 DOLLARS AND 00 CENTS

PAY TO THE ORDER OF
US DISTRICT COURT
CLERK OF COURT
141 CHURCH STREET
NEW HAVEN          CONNECTICUT
                         06510

**********$2,613.00

VOID SIX MONTHS FROM DATE OF ISSUE

*James G. Thompson Jr.*
AUTHORIZED SIGNATURE

⑊000300419⑊ ⑉031100283⑊ 09 24720⑊

---

**FEDERAL DEPOSIT INSURANCE CORPORATION**
National Processing Center PO Box 130476     Dallas, TX    75313

CHECK NO. 003004192

RECORD OF PAYMENT TO VENDOR

| LOC | BANK | CK DATE | VENDOR # |
|-----|------|---------|----------|
| 003 | R01 | 09/28/00 | 000000000NPC |

| INVOICE# | GROSS | DISCOUNT | INTEREST | PENALTY | NET |
|----------|-------|----------|----------|---------|-----|
| 2613.000926 | 2,613.00 | 0.00 | 0.00 | 0.00 | 2,613.00 |

INV DESC ==> FINE PD ON MICHAEL G. MORGAN SB TO U.S. ATTORNE

ATTACHMENT                                            *******2,613.00

NOT NEGOTIABLE
DO NOT CASH

PLEASE DIRECT ALL QUESTIONS REGARDING THIS PAYMENT TO:
(972) 761-3506

6124
00032
11953

Office of the United States Attorney
DISTRICT OF CONNECTICUT
157 CHURCH STREET
NEW HAVEN, CONNECTICUT  06510

*For inquiries regarding debt call:* 203 821-3700

**U.S. DEPARTMENT OF JUSTICE**
Statement of Account

| DATE OF STATEMENT | November 1, 2000 |
|---|---|
| USAO NUMBER | 9301647/002 |

Michael G Morgan
415 Chesterfield Street, S.
Aiken, SC 29801-7131

Retain top portion for your records. This is your official receipt. Make name/address corrections in the space provided below. This statement reflects the balances for this debt only. You may have additional outstanding debt(s). Detach bottom portion, indicate amount enclosed, and return with your payment.

## ACCOUNT INFORMATION

| Date Payment Received | October 4, 2000 | Current Balance | $1,962.00 |
|---|---|---|---|
| Amount of Payment | $2,613.00 | Overdue Amount | |
| Last Payment Application | Principal -$2,613.00 / Interest $.00 / Penalties $.00 / Costs $.00 | Next Payment Amount | $400.00 |
| 2000 | | PAY THIS AMOUNT | $400.00 |
| | | Date Payment Due | November 15, 2000 |

### INTEREST

| Annual Interest Rate | If the current balance is paid in full by the DATE PAYMENT DUE, no additional INTEREST will be imposed. |
|---|---|
| 0% | |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:** U.S. DISTRICT COURT
**DO NOT SEND CASH**

**INCLUDE USAO NUMBER ON CHECK OR MONEY ORDER**
*Please detach and enclose bottom portion with payment*

FORM USA-249
MAR. 92

---

| PAY THIS AMOUNT | $400.00 |
|---|---|
| DATE PAYMENT DUE | November 15, 2000 |

Payment must reach us by the DATE PAYMENT DUE, in order for payment to be applied before next billing cycle.

| USAO NUMBER | 9301647/002 |
|---|---|
| NAME | Michael G. Morgan |
| AGENCY CODE | JUFB |
| DISTRICT | CT |
| AGENCY FILE NUMBER | 393CR212 |
| AGENCY PROGRAM CODE | XXCF |
| INDICATE AMOUNT ENCLOSED | |

*U.S. GPO: 1997-432-156/71903

**United States Department of Justice**
**Payment Coupon**

Name/Address Correction: _____

**ENCLOSE THIS COUPON TO GUARANTEE PROPER APPLICATION OF PAYMENT**

U.S. DISTRICT COURT
141 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510