UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MICHAEL G. MORGAN

      Plaintiff,

      v

OFFICE OF THE UNITED STATES
ATTORNEY FOR THE DISTRICT
OF CONNECTICUT, et al.,

      Defendants.

Civil Action: 3:02cv905(AVC))

October 17, 2003

PLAINTIFF'S MOTION FOR IN CAMERA REVIEW, NEW
VAUGHN INDEX AND OPPOSITION TO OFFICE OF THRIFT
SUPERVISION'S MOTION FOR SUMMARY JUDGEMENT

This is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C., sec. 552, as amended, to compel the production of records relevant to Plaintiff's criminal prosecution (Case No. 3:93cr212(PCD)).

Plaintiff has a statutory right to the records he seeks and there is no legal basis for the refusal by the Office of Thrift Supervision ("OTS") to disclose them. The OTS' continued refusal violates Plaintiff's constitutional right to due process.

IN CAMERA REVIEW. In its March 28, 2003 Order, the Court advised the Plaintiff that he might move for in camera review and inspection of any documents withheld by the Defendant OTS in connection with the Vaughn Index which was ordered to be produced at that time.

On June 30, 2003, OTS submitted a Vaughn Index as directed by the Court. In a July 17, 2003 pretrial conference held before Presiding Judicial Officer J. Read Murphy, Plaintiff narrowed his request to four documents in the Index. OTS subsequently produced documents 7 and 8 but continues to withhold documents 1 and 2.

In withholding these two remaining documents, the Defendant is improperly claiming exemptions under 5 U.S.C. sec 552 (b)(5), (b)(6), (b)(7)(c), (b)(7)(E) and (b)(8). Exemption (b)(5) is for attorney client privilege. That is not applicable in this case because even if the OTS personnel who wrote the memoranda are licensed to practice law, they are working as regulators not lawyers and as such have no claim to this privilege. As an example, Plaintiff would point out that in 1995 when the same OTS personnel initiated a lawsuit against the Plaintiff in this Court, these very same regulators did not act as lawyers representing their agency but were represented by the Office of the United States Attorney for the District of Connecticut ("USAO"). Exemptions (b)(6) and (b)(7)(c) and (b)(7)(E) provide for withholding documents for law enforcement purposes. In this case, that no longer apples because the statute of limitations has run out long ago for each and every possible criminal charge associated with this matter. Furthermore, there are no current investigations, grand jury proceedings or other law enforcement activities to which these documents are relevant. Exemption (b)(8) is no longer applicable because it relates to regulatory reports for a financial institution which has been out of business for thirteen years.

Accordingly, Plaintiff respectfully requests permission to review documents 1 and 2.

REVISED VAUGHN INDEX. At the July 17, 2003 pretrial conference and before, Plaintiff advised Defendant that the Vaughn Index did not appear to contain all the information which had been requested - specifically, all correspondence, memoranda, noted of conversations, copies of emails, etc. regarding Plaintiff between Assistant United States Attorney Keith

Fleischman and OTS personnel during th period 1990 - 1993.

Plaintiff believes that the USAO utilized the OTS' subpoena power to depose Plaintiff and use those depositions in the grand jury that was investigating Plaintiff in violation of his Fifth Amendment right to due process.

Plaintiff's right to a fair investigation cannot be delegated by the USAO to the OTS. Not only was Plaintiff unaware of the grand jury's existence during this period but at no time was Plaintiff ever called to appear before the grand jury.

Outside of this action, Plaintiff has obtained the following information:

1. Plaintiff was subpoenaed for a deposition by OTS Attorney Kenneth Cureton which took place on August 14, 1990.

2. Assistant United States Attorney Keith Fleischman issued at least one subpoena concerning Plaintiff on September 25, 1990 (Exhibit A)

3. Plaintiff was deposed a second time by OTS Attorney Cureton on October 30, 1990. It is noteworthy that out of at least twenty depositions conducted by Mr. Cureton, the Plaintiff was the only individual to be deposed a second time, months after the first.

4. On November 1, 1990, Cureton sent a copy of Plaintiff's deposition to Fleischman (Exhibit B).

How did that happen? If the civil and criminal proceedings against Plaintiff were really separate and parallel how did Cureton and Fleischman even know about each other at this very early stage in the investigation? In the interests of justice, these contacts between the OTS and USAO need to be disclosed.

Obviously, Cureton and Fleischman were in touch in September-October, 1990. Otherwise, why else would Cureton send Plaintiff's deposition to Fleischman on November 1,

1990?

Perhaps documents 1 and 2 can answer that. However, at this point, the OTS has produced nothing to the Plaintiff regarding these matters and has apparently included nothing in the Vaughn Index either. Plaintiff has obtained other similar information outside of this action which provide ample evidence of close cooperation between the agencies investigating Plaintiff up until the time of his 1993 criminal indictment. For example, Cureton met with Fleischman in Washington on July 1, 1991 "to discuss Mike Morgan and Charter Federal"(Exhibit C). Also, on March 27, 1991, Cureton was invited to attend a meeting of the Connecticut Bank Fraud Working Group (Exhibit D).

For the Plaintiff, obtaining more information on this cooperation between the OTS and the USAO is critically important because it contradicts the Government's long standing representation to the Courts that the civil and criminal proceedings against Plaintiff were separate, parallel matters.

It is beyond dispute that the OTS agreed to work with the USAO and share information concerning Plaintiff. It seems likely that an understanding was reached between AUSA Fleischman and OTS Attorney Cureton that Cureton would depose Plaintiff and that the depositions would be turned over to Fleischman for use with the grand jury.

It is understandable that the OTS would not want to disclose its cooperation with the USAO because such actions are improper. A grand jury investigation cannot be delegated to the OTS. Nevertheless, the Exhibits submitted by the Plaintiff, which were obtained outside of this action, provide an outline of what happened. This action will compel the production of documents which will fill in the remaining blanks.

Accordingly, the Plaintiff respectfully requests that this Court order OTS to reevaluate

Plaintiff's FOIA request and either produce the relevant information or provide a revised Vaughn Index which included all correspondence, memoranda, notes of conversations, copies of emails, etc. regarding the contacts between OTS and USAO during the period 1990 - 1993.

DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT. In order for the Government to prevail on a motion for summary judgement in an FOIA case, it must demonstrate not only that there are no material facts in dispute and that it is entitled to judgement as a matter of law, See Fed. R. Civ. P. 5b; Anderson v Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v ABCO Engineering Corp., 221 F. 3d 293, 300 (2d Cir. 2000), but also that its search for documents was adequate and any documents withheld fell within the exemptions of the applicable FOIA sections, See Tarullo v U.S. Department of Defense, 170 F. Supp. 2d 271, 274 (D. Conn. 2001).

The OTS does not meet that test in its motion for summary judgement. First, there are a material facts in dispute because Defendant has not produced or provided a Vaughn Index on all information requested by Plaintiff. Consequently, the OTS' search for documents was inadequate and the agency affidavits used to support the motion are contradicted by the information included in the Plaintiff's Exhibits. Finally, the OTS improperly claimed exemption for documents 1 and 2 as more fully discussed elsewhere.

Consequently, the Plaintiff respectfully requests that the Court deny the Defendant's motion for summary judgement.

CONCLUSION. For the foregoing reasons, the Plaintiff asks the Court to:

1. Permit Plaintiff to inspect documents 1 and 2 in the Defendant's Vaughn Index.

2. Order Defendant to reevaluate Plaintiff's FOIA request with regard to contacts between the OTS and the USAO during the period 1990 -1993 regarding Plaintiff and following

that review to either provide the requested information or submit a second Vaughn Index.

      3. Deny Defendant's motion for summary judgement.

Respectfully submitted,

*[signature]*

Michael G. Morgan, Pro Se
415 South Chesterfield Street
Aiken, South Carolina 29801
(803) 641-8823

## CERTIFICATE

      This will certify that a copy of the foregoing was mailed, postage prepaid, on this 17th day of October, 2003 to the following:

Barbara Katron
Counsel
Federal Deposit Insurance Corporation
550 17th Street, NW
Washington, D.C. 20429

Dirk S. Roberts
Special Counsel
Office of Thrift Supervision
1700 G Street, NW
Washington, D.C. 20552

Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, Connecticut 06510

_[signature]_
Michael G. Morgan, Pro Se

AO 110 (Rev. 5/85) Subpoena to Testify Before Grand Jury       B-89-1-64 (1)

# United States District Court

_____ DISTRICT OF _____ CONNECTICUT

TO: **Custodian of Records
Charter Federal Savings and Loan Association
612 Bedford Street
Stamford, CT 06905**

## SUBPOENA TO TESTIFY BEFORE GRAND JURY

SUBPOENA FOR:
☒ PERSON    ☒ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM |
|---|---|
| **United States District Court<br>915 Lafayette Boulevard<br>Bridgeport, CT 06604** | **U.S. Attorney's Office<br>Room 309** |
| | DATE AND TIME<br>**October 11, 1990** |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

Any and all documents and records including but not limited to, notes, papers, reports, closing files, inter-office memorandum and all documents included in the files of <u>Charter Federal</u>, <u>Bedford Equities Corporation</u> and <u>Bedford Equities 1984 Limited Partnership</u>, pertaining to the 1200 Summer Street property purchased by <u>Bedford Equities 1984 Limited Partnership</u> in October, 1984.

In lieu of appearance subpoenaed documents may be submitted to Special Agent David Furtak, Federal Bureau of Investigation, 915 Lafayette Boulevard, Bridgeport, CT 06604 on or before the return date.

☐ Please see additional information on reverse

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| KEVIN F. ROWE | **September 25, 1990** |
| (BY) DEPUTY CLERK<br>*[signature: Joan N. Olvean]* | |
| This subpoena is issued on application of the United States of America | NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY<br>**Keith Fleishman/kmb<br>Assistant U.S. Attorney<br>915 Lafayette Boulevard<br>Bridgeport, CT 66604<br>(203) 579-5596** |



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

915 Lafayette Boulevard
Bridgeport, Connecticut 06604

203/579-5596
FTS/643-4596

September 25, 1990

Custodian of Records
Charter Federal Savings and Loan Association
612 Bedford Street
Stamford, CT 06905

Re: <u>Non-Disclosure of Subpoena</u>

Dear Sir or Madam:

Reference is made to the attached grand jury subpoena issued September 25, 1990 and returnable October 11, 1990 before the federal grand jury sitting that date in Bridgeport, Connecticut.

The subpoena commands the production of: see attached subpoena.

Title 12, United States Code, Section 3413(i) exempts subpoenas issued by a federal grand jury from the disclosure provisions of the Right to Financial Privacy Act of 1978. Therefore, you are requested not to disclose the existence of this subpoena or its contents. Disclosure of this subpoena or its contents will impede an ongoing grand jury investigation of a possible felony and will, consequently, interfere with the enforcement of federal law.

Very truly yours,

STANLEY A. TWARDY, JR.
UNITED STATES ATTORNEY

KEITH FLEISCHMAN
ASSISTANT UNITED STATES ATTORNEY

KF:kmb

**Office of Thrift Supervision**
Department of the Treasury
1700 G Street, N.W., Washington, D.C. 20552

November 1, 1990

Keith Fleischman
Assistant United States Attorney
Federal Building, Room 309
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

    Re: Charter FS&LA
        Stamford, CT

Dear Mr. Fleischman:

    Pursuant to your request, enclosed are transcripts of testimony of Samuel Boyarsky and Michael Morgan in the OTS investigation of Charter FS&LA and accompanying exhibits. Included are exhibits from the second session of testimony from Morgan on October 30, but the transcript is not ready.

    After reading Boyarsky's transcript, I held an interview with him on August 13, 1990, and he provided the following information:

    1) by his recollection, there were no witnesses to or record of his physically receiving the commission check from Morgan re Summer Street or his giving the cashiers check to Morgan at Morgan's home later

    2) when Boyarsky was exchanging checks, he received $5000 in cash and a total of $7500 on the Summer Street transaction.

                                 Very truly yours,

                                   Kenneth A. Cureton

**Office of Thrift Supervision**
Department of the Treasury

1700 G Street, N.W., Washington, D.C. 20552 • (202) 906-6000

EXHIBIT C

July 1, 1991

MEMORANDUM

To:      Terry Pritchard
         Harvey Levin

From:    Ken Cureton

Subject: Charter FS&LA
         Stamford, CT
         Proffer of Bill Malloy

A reminder that AUSA Keith Fleischman (D. CT.) will be here tomorrow, July 2, at 10:00 am to discuss Mike Morgan and Charter FS&LA, in case you wish to attend.

On Wednesday, July 3, Fleischman is holding an initial proffer session with Bill Malloy, a founder and former director of Charter FS&LA, and his attorney, Phil Russell, in Bridgeport, CT, in which Malloy will describe his knowledge about transactions at Charter FS&LA and his willingness to provide information on them. Based on that session, Fleishman will decide what plea bargain to offer Malloy and will have a cooperation agreement for Malloy to sign. It is intended as a joint proffer session for the U. S. Attorney, and we are invited to attend. Russell wants assurance that any statements made by Malloy at this session would not be used against Malloy, although we could develop independently any information conveyed. AUSA Fleischman has agreed to those terms. Please advise me.

I recommend that we agree to Russell's request:

   1) the agreement covers only this preliminary meeting

   2) we have enough to prohibit Malloy regardless

   3) Malloy probably will consent to a Prohibition and other measures

   4) Russell says that Malloy is broke

**U.S. Department of Justice**

EXHIBIT D

*United States Attorney*
*District of Connecticut*

---

*915 Lafayette Boulevard*
*Bridgeport, Connecticut 06604*

203/579-5596
FTS/643-4596

March 22, 1991

Kenneth Cureton
Associate Director of Enforcement
Office of Thrift Supervision
17 G. Street N.W.
Washington, D.C. 20552

Dear Mr. Cureton:

    I am writing to invite you to participate in the first meeting of the Connecticut Bank Fraud Working Group, scheduled to convene in the United States Attorney's Office, in New Haven, on Wednesday April 4, 1991 at 1:30 p.m.

    As you are aware, developments within the economy as well as potential criminal activity has precipitated a closer scrutiny of banking and financial institutions within Connecticut. Clearly, a cooperative and pro-active approach to dealing with suspected fraud and mismanagement related to these institutions will enhance overall law enforcement and regulatory effectiveness. The Working Group, therefore, will serve as a vehicle to address and accomplish our respective goals.

    These sessions will be flexible with members free to address <u>any</u> issue they deem important and relevant.

    If you have any questions, or problems with the April 4th date, please call me at (203) 579-5906.

    I look forward to seeing you on the 4th.

    Very truly yours,

    RICHARD N. PALMER
    UNITED STATES ATTORNEY

BY    KEITH M. FLEISCHMAN
    ASSISTANT UNITED STATES ATTORNEY