UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV -3  A 11: 38

MICHAEL G. MORGAN,

 Plaintiff,

VS.

OFFICE OF THE UNITED STATES
ATTORNEY FOR THE DISTRICT OF
CONNECTICUT, et al.,

 Defendants.

Docket No. 3:02CV905T
(AVC)

October 30, 2003

**FEDERAL DEPOSIT INSURANCE CORPORATION'S
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

### I. Introduction

Plaintiff's Motion for In Camera Review, New Vaughn Index and Opposition to FDIC's Motion for Summary Judgment dated October 17, 2003 ("Opposition Motion") makes two arguments worthy of response.[1] He is mistaken in asserting that certain documents lose their exempt status when an investigation is closed. He is equally mistaken in claiming access to documents outside the scope of this case.

### II. Argument

 *A. FDIC Documents 11 and 35 Are Exempt from
  Disclosure Even After the Investigation Has Closed.*

In his Opposition Motion, plaintiff asserts that because the underlying criminal case has concluded, the FDIC improperly invokes Freedom of Information Act ("FOIA") exemptions 7(C) and 7(D), 5 U.S.C. §§ 552(b)(7)(C) and (b)(7)(D), to protect

---

[1] The FDIC also maintains, as set forth in its Motion to Dismiss and supporting papers filed on June 27, 2003, that Plaintiff's amended complaint against the FDIC is subject to dismissal.

from disclosure FDIC Documents 11 and 35. Opposition Motion at 2.[2] In fact, both documents remain protected under FOIA exemptions 7(C) and 7(D). *See Vaughn* Index Declaration of Fredrick L. Fisch and supporting exhibits ("FDIC's *Vaughn* Index") ¶¶ 20, 23 and Exhibit D.[3]

Exemption 7(C), designed to protect the privacy interests of non-target individuals identified in criminal investigatory files, typically permits the "categorical withholding" of information that identifies third parties in law enforcement records. *See United States Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749 (1989); *SafeCard Services v. SEC*, 926 F. 2d 1197 (D.C. Cir 1991). Courts have repeatedly recognized that the passage of time will not ordinarily diminish the applicability of exemption 7(C). *See, e.g., Halpern v. FBI*, 181 F. 3d 279, 297 (2nd Cir. 1999) (Confidentiality interests cannot be waived through . . . the passage of time."); *Keys v. U. S. Department of Justice*, 830 F.2d 337, 348 (D.C. Cir. 1987) (holding that passage of forty years did not "dilute the privacy interest as to tip the balance the other way.").

FOIA exemption 7(D) provides protection for records or information compiled for law enforcement purposes which could reasonably be expected to disclose the identity of a confidential source who furnished information on a confidential basis. Congress and courts have clearly signaled their appreciation that exemption 7(D) affords the most comprehensive protection of all the FOIA exemptions to encourage cooperation and to

---

[2] Because plaintiff failed to number the pages in his Opposition Motion, the FDIC, in order to comply with Local Rule 7(d) concerning reply briefs, supplied the page numbering.

[3] A detailed narrative of plaintiff's FOIA request and the FDIC's administrative record relating to his request is included in FDIC's *Vaughn* Index originally filed with this Court on June 30, 2003, and attached as Exhibit 1 to the FDIC's Motion for Summary Judgment filed on October 1, 2003. This narrative contains a more complete description of the FOIA exemptions as they apply to the documents in question.

2

"protect confidential sources from retaliation that may result from the disclosure of their participation in law enforcement activities." *See Ortiz v. HHS*, 70 F.3d 729, 732 (2d Cir. 1995). Contrary to plaintiff's assertion, exemption 7(D)'s protection for sources in the information they provided is not diminished by the fact that an investigation has been closed. *Id.* at 733 (ruling that "the status of the investigation is . . . immaterial to the application of the exemption."); s*ee also KTVY-TV v. U.S.*, 919 F. 2d 1465, 1470-71) (10th Cir. 1990). Indeed, because of the critical role that exemption 7(D) has in promoting effective law enforcement, courts have consistently recognized that its protections cannot be lost through the mere passage of time. *See, e.g., Halpern*, 181 F. 3d at 300.

In this case, an expectation of confidentiality can be inferred from the nature of the illegal activity (financial crimes) and the sources' relation to it (non law enforcement officials who had inside knowledge of the alleged wrongdoing). *See United States Department of Justice v. Landano*, 508 U.S. 165, 179 (1993). For this reason, a memorandum prepared by a confidential source which discussed potential illegal activity (FDIC Document 11) and a Report of Apparent Crime which, among other things, identified individuals with knowledge of the apparent crime (FDIC Document 35), are properly withheld from disclosure. Because exemption 7(D) not only protects obviously identifying information such as an informant's name and address but all information that would tend to reveal the source's identity, the FDIC has determined that documents 11 and 35 must be withheld in full. *See Pollard v. FBI*, 705 F.2d 1151, 1155 (9th Cir. 1983) (holding that entire document properly withheld where disclosure "would tend to reveal [source's identity]."); *Doe v. U.S. Department of Justice*, 790 F. Supp. 17, 21 (D.D.C.

1992) (stating that where source is well known to investigated applicant, agency must protect "even the most oblique indications of identity.").

### B. *Plaintiff Cannot Expand the Scope of Documents At Issue.*

In a clear attempt to reach beyond the scope of this litigation, plaintiff wrongly asserts that this FDIC has not submitted a complete *Vaughn* Index in this case. Opposition Motion at 2-4. As the plaintiff well knows, the FDIC's FOIA disclosure determination was limited to 201 documents all of which were forwarded to the FDIC from the Department of Justice ("DOJ") as a result of a FOIA request made by plaintiff to DOJ. Because the documents at issue were provided to the FDIC by DOJ, the FDIC was not required to conduct a search for responsive documents in connection with the FDIC's referral. FDIC's *Vaughn* Index ¶¶ 6-8. As explained in the FDIC's *Vaughn* Index, the 201 pages of records forwarded from DOJ to the FDIC constituted 53 documents many of which were duplicates. For each of the 53 records, the FDIC's *Vaughn* Index includes a narrative summary of each document withheld in full or in part, a description of the information being withheld, the statutory exemption claimed under the FOIA, and justification for the assertion of the FOIA exemption claimed. *See Vaughn* Index ¶¶ 5, 18-44 and Exhibit D.

Thus, plaintiff's reference in his Opposition Motion to records of restitution payments allegedly in the possession of the FDIC is inappropriate as is his suggestion that the FDIC's search for records was inadequate. Opposition Motion at 3-4. In this case, the FDIC's role in the underlying FOIA request was extremely limited and its responsibility to the plaintiff was clear from the start – it had the discrete task of making disclosure determinations as to the 201 pages of material referred to it by DOJ and, as

4

such, was not required to conduct a search for records. *Vaughn* Index ¶¶ 6-8 and Exhibit A.[4] *See Kowalczyk v. Dept. of Justice*, 73 F.3d 386, 389 (D.C. Cir 1996) (An agency "is not obligated to look beyond the four corners of the request for leads to the location of responsive documents."); *Williams v. Ashcroft*, No. 01-5285, 2002 WL 449008 at *1 (D.C. Cir. Feb. 8, 2002) (deciding that agency need not look for records not sought in initial FOIA request.).

### III. Conclusion

For the foregoing reasons, the FDIC respectfully submits that summary judgment in favor of the FDIC is appropriate and that plaintiff's amended complaint should be dismissed.

Respectfully submitted,

Charles L. Cope
Senior Counsel
Federal No. CT24755

Barbara Katron
Counsel
Federal Deposit Insurance Corporation
550 17th Street, NW., H-2046
Washington, D.C. 20429
(202) 736-0059
(202) 736-0584 (fax)
bkatron@fdic.gov
Federal No. CT24827

---

[4] Notably, the plaintiff did not appeal the FDIC's determination regarding the underlying FOIA request. *Vaughn* Index ¶ 14. Plaintiff's failure to file an administrative appeal is a basis for the FDIC's Motion to Dismiss.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2003, copies of FDIC's Reply in Support of its Motion for Summary Judgment were served upon the following persons:

Michael G. Morgan
415 S. Chesterfield Street
Aiken, South Carolina 29801
(by overnight delivery)

Christine Sciarrino
Assistant U. S. Attorney
U.S. Attorney's Office
District of Connecticut
157 Church Street, 23rd Floor
New Haven, Connecticut 06510
(by U.S. Mail)

Dirk S. Roberts
Special Counsel
Office of Thrift Supervision
1700 G. Street, NW
Washington, DC 20552
(by U.S. Mail)

Barbara Katron
Counsel