UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2003 NOV -3 P 12:00

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| **MICHAEL G. MORGAN,** | ) | |
| **Plaintiff,** | ) | |
| **V.** | ) | Docket No. 3:03CV00905(AVC) |
| **OFFICE OF THE UNITED STATES ASTTORNEY FOR THE DISTRICT OF CONNECTICUT, et. al,** | ) ) ) | November 3, 2003 |
| **Defendants.** | ) | |

**DEFENDANT OFFICE OF THRIFT SUPERVISION'S
REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

INTRODUCTION

The Office of Thrift Supervision ("OTS") has produced to plaintiff Michael Morgan all the information that he is legally entitled to receive from the documents that were originally referred to OTS by the Department of Justice ("DOJ")in July, 2002. The two withheld documents remaining in dispute, both of which OTS has provided to this Court for in camera review, are exempt from disclosure under the Freedom of Information Act ("FOIA"). By all accounts, that should be the end of any pending claim Morgan has against OTS.

In his response to OTS' motion for summary judgment, however, Morgan asks that this Court go beyond the scope of this lawsuit and the records referred to OTS by DOJ, order OTS to search its offices in Washington, D.C., for additional documents and either produce those documents or provide him with a new Vaughn index covering any additional withheld documents. See Plaintiff's

Opposition to Office of Thrift Supervision's Motion ("Plaintiff's Response") at pp.4-5. Morgan is not entitled to such relief. First, as we demonstrated in OTS' opening brief, this Court does not have subject matter jurisdiction to enter such an order -- only a district court in South Carolina, the state of Morgan's residence, or in the District of Columbia, where OTS maintains its headquarters and where OTS records related to Morgan are located, could conceivably award such relief.

Moreover, contrary to the suggestions in Morgan's papers that OTS is somehow hiding the ball (see, e.g, Plaintiff's Response at pp. 2-4), OTS has advised Morgan that it will proceed and review agency records for the additional documents he seeks upon receipt of a payment from him to cover the estimated costs of searching for and duplicating the records -- a payment that OTS is entitled to receive by regulation before the agency processes his request. Morgan, however, has failed to make that payment to OTS and this Court should not give him a free ride.

This Court should dismiss Morgan's complaint as against OTS in its entirety and direct that, if he wishes to proceed with a FOIA request for additional OTS records, he comply with applicable FOIA regulations and pay OTS the estimated costs of searching for and duplicating those records.

2

ARGUMENT

<u>The Two Remaining Withheld Documents</u>. OTS is involved in this action only because DOJ referred 341 pages of documents relating to Morgan to OTS in July, 2002. OTS has produced the vast bulk of those referred documents to Morgan. Indeed, only two documents remain at issue -- the first a memorandum prepared by enforcement attorneys for the Director of OTS recommending the commencement of enforcement proceedings relating to Morgan's conduct at Charter Federal Savings and Loan Association; the second a document, which has already been released in part, consisting of a letter and attached documents sent to Ralph Gridley, then an OTS District Director in Boston.

As we demonstrated in OTS' opening brief, both these documents are exempt from disclosure under FOIA. <u>See</u> Memorandum of Defendant Office of Thrift Supervision In Support of Motion for Summary Judgment ("OTS' Opening Brief") at pp. 10-25. Morgan does not address any of the substantive arguments advanced by OTS as to why the documents are exempt. Instead, he suggests that this Court should order production simply because the documents relate to events that occurred a number of years ago. <u>See</u> Plaintiff's Response at p.2. His suggestion is without merit. As we also demonstrated in OTS' Opening Brief (<u>see</u> pp. 20-22 in particular), the passage of time does not somehow negate the important protections afforded by law to the withheld documents.

3

See also Weil v. Long Island Savings Bank, 195 F.Supp.2d 383 (S.D.N.Y. 2001); Cotton v. PrivateBank and Trust Co., 235 F. Supp.2d 809 (N.D. Ill. 2002).

In all events, in camera review by this Court will confirm that OTS has rightly determined not to disclose the two remaining withheld documents.

Additional Documents. In his response, Morgan asks that this Court order the production not only of the two remaining withheld documents, but also of any additional documents in OTS' possession relating to him that were exchanged between OTS and the United States Attorneys' Office in the period before his criminal trial.[1] See Plaintiff's Response at pp. 2-6. Morgan, in short, is now asking that this Court order the production not only of the documents referred to OTS by DOJ, but of other documents that have not been -- and could never properly be -- the subject of this lawsuit.

Morgan, unfortunately, does not give this Court the information it needs to evaluate this request. As an initial

---

[1] Morgan indicates in his response that he wants these materials to demonstrate that OTS wrongfully cooperated with the United States Attorneys' Office in connection with his criminal prosecution. Essentially, his argument is a variation on his prior claim, rejected by this Court and the United States Court of Appeals for the Second Circuit, that his indictment on bank fraud charges in connection with the same events that were the subject of the OTS administrative proceeding against him, violated his Fifth Amendment right against double jeopardy. See United States v. Morgan, 51 F.3d 1105 (2d Cir. 1995), cert. denied, 516 U.S. 861 (1995).

4

matter, as Morgan has acknowledged, in 1995 OTS provided his criminal defense counsel with access to many agency records relating to him. See Reply Declaration of Martin Jefferson Davis ("Davis Reply Dec'l") submitted herewith at ¶3; see also Davis Reply Dec'l, Ex. B at p.2, Ex. C at p 2. In fact, Morgan's response to OTS' motion contains several examples of OTS documents that Morgan describes as information he obtained "outside of this action," and which may well have been among the materials copied from OTS files in 1995 by his counsel.

In addition, although Morgan's response again does not so indicate, Morgan also filed a separate FOIA request with OTS in Washington in September, 2002 -- after he learned that DOJ had referred 341 pages of material relating to him to OTS. See Davis Reply Dec'l at ¶2. This request, read literally, went well beyond the scope of the 341 pages of material referred to OTS by DOJ and sought "any and all files, records, and any other documents or materials in the possession of your agency under my name." See Davis Reply Dec'l, Ex. A.

This separate request filed by Morgan with OTS has been the subject of a number of letters between the agency and Morgan, all of which are annexed to the Davis Reply Declaration. Two points are important for consideration of this motion. First, OTS has advised Morgan that it has identified approximately 32 boxes of agency records that may contain material responsive to his

5

request submitted directly to OTS. See Davis Reply Dec'l, Ex. B at p.2. OTS has further advised Morgan that the estimated costs of processing his separate FOIA request directed to OTS are $3000 and that, if he wishes to proceed, he must advance that sum to the agency as required by applicable regulations. See Davis Reply Dec'l, Ex. D at p.3.²

Second, although Morgan initially indicated in his request that he was "willing to pay fees," he thereafter objected to the payment of any fee and has, to date, failed to make the required payment.³ See Davis Reply Dec'l at ¶6; see also Davis Reply Dec'l, Ex. A at p.1, Ex. C at p.1.

In sum, Morgan is attempting to use this Court to get additional documents without having to pay required fees. As we demonstrate below, Morgan is legally required to advance to OTS the estimated costs of processing his request and -- unless and until he does so -- the agency is not obligated to provide him

---

²OTS also informed Morgan that, to the extent that his request might be deemed one brought pursuant to the Privacy Act, 5 U.S.C. §552a, the only agency systems of records that contain records under his name are the Confidential Individual Information System and the Criminal Referral Database, both of which are exempt from disclosure requirements of the Act. See 31 C.F.R. 1.36(a)(xii). See Davis Reply Dec'l, Ex. B at p.1.

³Although Morgan initially indicated that he was willing to pay fees, he subsequently sought a fee waiver. See Davis Reply Dec'l, Ex. C. By letter dated June 11, 2003 OTS advised Morgan that his request for a waiver did not meet applicable standards and was denied. Morgan has not appealed that determination to the agency. See Davis Reply Dec'l at ¶¶5,6; see also Davis Reply Dec'l, Ex. D at pp.1-3.

6

with any additional documents or a further Vaughn index.[4]

Relevant Law. As OTS advised Morgan upon receipt of his separate request to the agency, Department of Treasury regulations set forth at 31 C.F.R. part 1, subpart A, apply to OTS as a component of the Department of Treasury. See 12 C.F.R. 505.1(a). Under Treasury regulations, Morgan falls into the "all other requesters" category and is required to pay "the full direct cost of searching for and duplicating records that are responsive to the request, except that the first 100 pages of duplication and first two hours of search time [are] furnished without cost." 31 C.F.R. 1.7(a)(4).[5]

As OTS also advised Morgan, Treasury regulations further provide that if the costs of processing a request are estimated to exceed $250, then the requester "shall be notified of the estimated costs and must pre-pay such amount prior to the processing of the request..." 31 C.F.R. 1.7(e)(2)(emphasis added).

Pursuant to these provisions, OTS notified Morgan that the estimated costs of processing his separate FOIA request to OTS,

---

[4]It again bears mention that Morgan presently has an outstanding and unsatisfied $300,000 obligation to OTS. See OTS' Memorandum In Support of Motion for Summary Judgment at pp. 2-4.

[5]The other categories of requesters are "commercial use requesters," who are not entitled to any free search time or duplication of documents; "educational and non-commercial scientific institution requesters"; and "requesters who are representatives of the news media."

7

including searching for documents in the approximately 32 boxes of material that had been identified and copying responsive material, were $3,000 and that he was required to pay this sum to OTS if he wished to proceed with his request. See Davis Reply Dec'l Ex.D at p.3. Morgan has failed to make the required payment. Davis Reply Dec'l at ¶6.

FOIA requires that requesters follow the agency's published rules for making FOIA requests, including those pertaining to payment of fees. 5 U.S.C. §552(a)(3)(B)). Requesters who have not met fee requirements are deemed to have failed to exhaust administrative remedies. See Ogelsby v. United States Dep't of Army, 920 F. 2d 57, 66 (D.C. Cir. 1990)("Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."); Judicial Watch, Inc. V. FBI, 190 F.Supp. 29, 33 (D.D.C. 2002). Here, Morgan has failed to exhaust administrative remedies because he has failed to pay the required fee and has failed to administratively appeal the agency's determination not to grant him a fee waiver. For these reasons, his complaint against OTS, to the extent it could conceivably be read to state a claim relating to additional documents, must be dismissed.

Above all, one final important legal point. It is also beyond any serious dispute that this Court does not have subject matter jurisdiction -- for a second, independent reason -- to

8

adjudicate Morgan's separate FOIA request to OTS, or to order OTS to provide Morgan with additional documents not covered by the referral from DOJ or a further Vaughn index.

As noted in OTS' Opening Brief, 5 U.S.C. §552(a)(4)(B) explictly provides that a requester who initiates an action claiming that agency has wrongfully withheld documents must bring that action in the district in which the complainant resides or has his principal place of business; the district in which the agency records or located, or in the District of Columbia.  See OTS' Opening Brief at pp. 8-10.

Morgan maintains his residence and, apparently, his principal place of business as well, in South Carolina.  OTS headquarters and the additional records Morgan seeks are both located in the District of Columbia.  In short, only a district court in South Carolina or in the District of Columbia -- not this Court -- has subject matter jurisdiction to consider any purported claim by Morgan relating to additional documents.

9

CONCLUSION

For the reasons noted herein and in OTS' Opening Brief, this Court should dismiss Morgan's complaint as against OTS in its entirety.

>     Carolyn Buck
>     Chief Counsel
>
>     Thomas Segal
>     Deputy Chief Counsel
>
>     Dirk S. Roberts
>     Special Counsel
>     OFFICE OF THRIFT SUPERVISION
>     1700 G Street, N.W.
>     Washington, D.C.  20552
>     202-906-7631 -- phone
>     292-906-6353 -- fax
>     dirk.roberts@ots.treas.gov
>
>     Ct. Fed. Bar No. 10655

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MICHAEL G. MORGAN,** | ) | |
| Plaintiff, | ) | |
| V. | ) | Docket No. 3:03CV00905(AVC) |
| **OFFICE OF THE UNITED STATES ASTTORNEY FOR THE DISTRICT OF CONNECTICUT, et. al,** | ) ) ) | November 3, 2003 |
| Defendants. | ) | |

### DECLARATION OF SERVICE

Dirk S. Roberts declares pursuant to 28 U.S.C. §1746:

I am Special Counsel at the Office of Thrift Supervision. On October 31, 2003 I served the following pleadings on the parties listed by first class mail, postage pre-paid:

<u>Pleadings Served</u>

1. Defendant Office of Thrift Supervision's Reply Memorandum In Support of Motion for Summary Judgment;

2. Reply Declaration of Martin Jefferson Davis in Support of Motion;

<u>Parties Served</u>

Michael G. Morgan
Plaintiff
415 S. Chesterfield Street
Aiken, S.C.  29801

Christine Sciarrino, Esq.
Office of the United States Attorney
 for the District of Connecticut
157 Church Street
New Haven, Ct.  06510

Barbara Katron, Esq.
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C.  20429

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 31st day of October, 2003.

                                        Dirk S. Roberts