# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FILED
2003 OCT -1  P 4:37
US DISTRICT COURT
HARTFORD CT

MICHAEL G. MORGAN,     :

3:03cv00905 (AVC). January 9, 2004. This is an action to compel the defendant, United States Attorney's Office ("USAO"), to disclose documents related to the government's successful criminal prosecution of the plaintiff for bank fraud and misapplying bank funds. It is brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. After furnishing the plaintiff with the lion's share of the documents requested, the USAO refused to furnish one complete document and sections of two others identified on the USAO's Vaughn Index as document numbers 11, 2, and 3, respectively. The USAO argues that the relevant portions of documents 2 and 3 are shielded from disclosure as privileged inter-agency memoranda under 5 U.S.C. § 552(b)(5). Further, the USAO argues that document 11 is exempted from disclosure by 5 U.S.C. § 552(b)(7)(C) as a confidential document compiled for law enforcement purposes. In his opposition brief, the plaintiff does not advance any particular reason why disclosure is required other than to assert that he "would have a special interest" in them. Further, the plaintiff seeks a revised Vaughn Index on grounds that the present index "does not appear to contain all the information which had been requested," including memoranda/correspondence between AUSA Fleischman and the OTS, and similar documents between the USAO and the FDIC from 1996 to the present that concern him, and information concerning a payment he made to the OTS that was eventually submitted to the district court in partial satisfaction of the fine levied at sentencing. The USAO now moves for summary judgment on its contention that the documents at issue are exempt from disclosure under FOIA, and for dismissal of any claim in this litigation seeking a revised Vaughn index or additional information beyond the scope of the plaintiff's November 22, 1998 revised request. Having reviewed the documents in camera, the court concludes that documents 2, 3, and 11 have been properly withheld and are not subject to disclosure for the reasons set forth by the USAO. Accordingly, the USAO's motion for summary judgment (document no. 42) is GRANTED. Further, to the extent the plaintiff seeks additional information concerning AUSA Fleischman, the plaintiff does not dispute the USAO's reply that, indeed, the USAO has fully complied with his requests. The request for such additional information must therefore be denied. Finally, because the plaintiff did not, as part of his revised document request of November 22, 1998, seek the aforementioned correspondence/memoranda between the USAO and the FDIC, or information relating to the OTS/criminal fine payment, the court is without subject matter jurisdiction to review a refusal to furnish any such information or order the production of a revised Vaughn Index. This is so because the plaintiff has failed to exhaust his administrative remedies through the submission of a formal request and through payment of the required fees. See Oglesby v. U.S. Dep't Army, 920 F.2d 57, 66 (D.C. Cir. 1990). SO ORDERED.