UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL G. MORGAN, | : |
| Plaintiff, | : Docket No. 3:02CV905 |
| | (AVC) |
| VS. | : |
| OFFICE OF THE UNITED STATES ATTORNEY FOR THE DISTRICT OF CONNECTICUT, et al., | : |
| | : |
| Defendants. | : September 30, 2003 |

3:03cv00905 (AVC). January 9, 2004. This is an action to compel the defendant, Federal Deposit Insurance Corporation ("FDIC"), to disclose documents related to the government's successful criminal prosecution of the plaintiff for bank fraud and misapplying bank funds. It is brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. After furnishing the plaintiff with the lion's share of the documents requested, the FDIC refused to furnish two documents identified on the FDIC's Vaughn Index as document numbers 11 and 35. The FDIC argues that these documents are shielded from disclosure by 5 U.S.C. § 552(b)(7)(C) and (D) as confidential materials related to law enforcement purposes. In his opposition brief, the plaintiff maintains that disclosure is required because the FDIC may not avail itself of the exemption for law enforcement purposes because "the statute of limitations has run for each and every criminal act associated with [this matter]." The FDIC now moves for summary judgment on its contention that these documents are exempt from disclosure under FOIA. Having reviewed the parties' contentions and the relevant documents in camera, the court concludes that the documents have been properly withheld and are not subject to disclosure. Document numbers 11 and 35 are shielded from disclosure under § 552(b)(7)(C) and (D) as they concern law enforcement purposes and their release could reasonably be expected to constitute an unwarranted invasion of person privacy, and identify a confidential source who furnished information on a confidential basis. While the instant investigation has concluded and the matter has been disposed of, "[c]onfidentiality interests cannot be waived through . . . the passage of time." Halpern v. FBI, 181 F.3d 279, 297 (2d Cir. 1999). For these reasons, the FDIC's motion for summary judgment (document no. 45) is GRANTED.

SO ORDERED.

Alfred V. Covello, U.S.D.J.