UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL G. MORGAN,
   Plaintiff,

VS.                                 Civil No. 3:03CV0905 (AVC)

OFFICE OF THE UNITED STATES
ATTORNEY FOR THE DISTRICT OF
CONNECTICUT, et al.,
   Defendants.

### ORDER GRANTING THE OFFICE OF THRIFT SUPERVISION'S MOTION FOR SUMMARY JUDGMENT

This is an action to compel the defendant, Office of Thrift Supervision ("OTS"), to disclose documents related to the government's successful criminal prosecution of the plaintiff for bank fraud and misapplying bank funds. It is brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. After furnishing the plaintiff with the lion's share of the documents he requested, OTS refused to furnish two documents to him identified as document numbers 1 and 2 on the OTS' Vaughn Index.

OTS argues that document number 1 is shielded from disclosure by 5 U.S.C. § 552(b)(5) as an intra-agency memorandum protected by the work product doctrine. With respect to document number 2, OTS has disclosed a portion of this document but has withheld 16 pages on grounds that these pages may be construed as a criminal referral or suspicious activity report ("SAR") and, consequently, are exempt from disclosure by 5 U.S.C. § 552 (b)(3). This section shields from disclosure documents specifically exempted by another statute. The other statute claimed to prohibit disclosure is 31 U.S.C. § 5318 (g)(2)(A)(ii) (prohibiting government from disclosing suspicious activity other

than as necessary to fulfill official duties).

OTS now moves for summary judgment on its contention that the withheld documents are exempt from disclosure under FOIA. In his opposition brief, the plaintiff maintains that disclosure of document number 1 is required because it is not protected by the work product doctrine, as "even if the OTS personnel who wrote the memoranda are licenced to practice law, they are working as regulators [and] not lawyers and as such have no claim to th[e] [p]rivilege." Further, the plaintiff argues that, in connection with document number 2, disclosure is required because "the statute of limitations has run long ago for each and every possible crime charged associated with this matter [and] there are no current investigations. . .[or] law enforcement activities."

Having reviewed the parties' contentions and the documents in camera, the court concludes that the documents are exempt from disclosure. Document number 1 is an inter-agency memorandum prepared in contemplation of administrative proceedings and is shielded from disclosure by 5 U.S.C. § 552(b)(5) as attorney work product. McErlean v. United States Dep't of Justice, No. 97 Civ. 7831, 1999 WL 791680, *6 (S.D.N.Y. September 30, 1999). The court is unable to locate any authority for the plaintiff's proposition that the privilege is lost when an attorney acts in a regulatory capacity.

Further, the withheld portion of document number 2 is also exempt from disclosure under 5 U.S.C. § 552 (b)(3) because it may

2

be construed as a SAR and as such, is shielded from disclosure by 31 U.S.C. § 5318(g)(2)(A)(ii) even though all such criminal activity has been investigated and the matter disposed of. See Lee v. Bankers Trust Co., 166 F.3d 540, 543 (2d Cir. 2000) ("[d]isclosure of even the filing of [a] SAR, let alone disclosure of its substance, is prohibited by law."); see also Weil v. Long Island Savings Bank, 195 F. Supp.2d 383 (S.D.N.Y. 2001); Cotton v. PrivateBank and Trust Co., 235 F. Supp.2d 809, 814 (N.D. Ill. 2002) (the fact that person involved in alleged criminal activity had pleaded guilty years earlier does not justify production of SAR in light of clear statutory prohibition).

## CONCLUSION

For the foregoing reasons, OTS' motion for summary judgment (document no. 48) is GRANTED.

It is so ordered, this 9th day of January, 2004 at Hartford, Connecticut.

_____
Alfred V. Covello, U.S.D.J.